## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| ATLANTIC MUTUAL INSURANCE COMPANY, a/s/o Brother's Trading Company, Inc., d/b/a Victory Wholesale Grocers, <br>                   Plaintiff, <br> v. <br><br> ACH FOOD COMPANIES INC., <br> a Delaware corporation, <br> ARNOLD LOGISTICS, LLC, <br> a Pennsylvania limited liability company, <br> and JONES TRUCKING, INC., an <br> Illinois corporation, <br>                   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 07-2008 |

## REPORT AND RECOMMENDATION

In January 2007, Plaintiff Atlantic Mutual Insurance Company, as subrogee of Brother's Trading Company, Inc., doing business as Victory Wholesale Grocers, filed a Complaint (#1) against Defendants, ACH Food Companies, Inc., Arnold Logistics LLC, and Jones Trucking, Inc., alleging violations of the Carmack Amendment (49 U.S.C. § 14706). Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In April 2007, Defendant Arnold Logistics filed a Motion To Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (#14). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion To Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) **(#14)** be **DENIED**.

### I. Background

The following background is based on the complaint. Plaintiff Atlantic is the insurer and subrogee of Victory Wholesale Grocers, a wholesale grocery distribution company. Victory is a division of Brother's Trading Company, Inc. In December 2003, Victory purchased 1,152 cases of Mazola Oil from Colorado Independent Grocers (hereinafter "CIG"), located in Colorado. Victory paid $25,632 for the oil. CIG purchased the oil from Defendant ACH. ACH contracted

with Defendant Arnold Logistics to warehouse and ship the oil. Victory contracted with Defendant Jones Trucking to pick up the oil for Victory at the ACH facility in Champaign, Illinois, on January 9, 2004. Sometime between December 29, 2003, and January 9, 2004, Jones left an empty trailer at ACH to be loaded with the oil. Arnold subsequently loaded the oil into the trailer. The loaded Jones trailer was left in an unsecured lot on ACH property. When Jones arrived on January 9, 2004, to pick up the oil for delivery to Victory, the trailer and oil had been stolen.

Plaintiff filed claims with ACH in April and May 2005, itemizing damages of $25,632. ACH has not responded to either claim and has not paid Plaintiff for the claim. Plaintiff filed a claim for damages with Arnold and Arnold denied the claim in February 2005. Plaintiff filed a claim with Jones in January 2004 and Jones has denied the claim. In its complaint, Plaintiff alleges that liability for each Defendant arises under the Carmack Amendment.

## II. Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III. Analysis

Defendant Arnold Logistics argues that Plaintiff has failed to state a claim against it because (1) Plaintiff failed to allege that Arnold Logistics was a motor carrier or freight forwarder; and (2) Plaintiff lacks standing to sue under the Carmack Amendment because it failed to allege that the bill of lading identified its insured, Victory Wholesale Grocers, as a buyer, seller, or other interested party in the shipment of the oil.

### A.  Status of Defendant Arnold Logistics

Defendant Arnold Logistics first argues that Plaintiff failed to allege that Arnold Logistics was a motor carrier or freight forwarder, therefore, the Carmack Amendment is not applicable.

The Carmack Amendment to the Interstate Commerce Act, which codified the common law liability of carriers for damage to shippers' goods, "provides a remedy against truckers responsible for damage to a plaintiff's goods unless the trucker can prove that he was free from fault." *Pizzo v. Bekin Van Lines Co.*, 258 F.3d 629, 633-34 (7th Cir. 2001) (citing 49 U.S.C. § 14706; *Missouri Pac. R.R. v. Elmore & Stahl*, 377 U.S. 134, 137-38 (1964)).

Defendant is correct that the Carmack Amendment applies only to motor carriers and freight forwarders.  However, a plaintiff need not plead every element of a Carmack Amendment claim in order to state a claim.  Regarding pleading requirements for a Carmack Amendment claim, the Seventh Circuit court has stated as follows:

> There are no special pleading rules for such claims.  The Federal Rules of Civil Procedure require a plaintiff to plead no more than is necessary to place the defendants on notice of his claim. E.g., *Weiss v. Cooley,* 230 F.3d 1027, 1033 (7th Cir. 2000); *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1077-78 (7th Cir. 1992).  The rules contain no special pleading requirements for Carmack claims; judicial engrafting of such requirements is disfavored, *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Hammes v. AAMCO Transmissions, Inc.,* 33 F.3d 774, 778 (7th Cir. 1994); *In re NationsMart Corp. Securities Litigation*, 130 F.3d 309, 315 (8th Cir. 1997); and no reason is given or occurs to us why such requirements would be appropriate for such claims.

*Pizzo*, 258 F.3d at 634.

Thus, although a plaintiff must *prove* every element of a "freight forwarder" or "motor carrier" in order to establish its claim, the allegations in a complaint need merely apprise the defendant of the nature of the cause of action and need not set forth in detail all the elements. *Interamerican Logistics, Inc. v. CSX Intermodal, Inc*., No. 95 C 5472, 1996 WL 1173017, *4 (N.D. Ill., June 18, 1996).

Plaintiff's complaint alleged that ACH contracted with Defendant Arnold Logistics to "warehouse and ship the Oil." (#1, ¶ 6.) The relationship between Plaintiff and Arnold, and between Arnold and Jones, and the terms of the bill of lading remain to be determined. Given the liberal notice pleading standard of the Federal Rules of Civil Procedure, the Court concludes that Plaintiff has adequately stated a claim against Defendant under the Carmack Amendment. Accordingly, the Court recommends denying the motion to dismiss on this basis.

### B.  Standing

Defendant next argues that the complaint fails to establish that Plaintiff has standing to maintain a claim under the Carmack Amendment. Specifically, Defendant contends that Plaintiff has failed to allege the existence of a bill of lading or to identify its contents.

Plaintiff responds that it is suing as subrogee of Victory Wholesale Grocers. The complaint clearly alleged the relationship between Plaintiff and Victory Wholesale Grocers. Based on the complaint, the Court recommends denying the motion to dismiss on this basis.

### IV.  Summary

For the reasons stated above, this Court recommends that Defendant's Motion To Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) **(#14)** be **DENIED**. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 22nd day of May, 2007.

s/ DAVID G. BERNTHAL<br>
U.S. MAGISTRATE JUDGE